**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-00-233(2) |
| | § | |
| SATURNINO OCHOA-FUENTES, | § | |
|     Defendant-Movant. | § | |

**ORDER DENYING "MOTION FOR DOWNWARD
DEPARTURE BASED ON REHABILITATION"**

On September 19, 2005, the Clerk's office received a motion from Defendant Saturnino Ochoa-Fuentes ("Ochoa-Fuentes") titled as a "Motion for Downward Departure Based on Rehabilitation." (D.E. 99). In it, Ochoa-Fuentes asks that the Court reduce his sentence because of his rehabilitative efforts before and after sentencing. This is the second time since the denial of his § 2255 motion that Ochoa-Fuentes has sought a reduction in sentence.

As set forth in the Court's ***prior*** order denying him a reduction in sentence (D.E. 98), this Court is has authority to modify or correct Ochoa-Fuentes' sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Ochoa-Fuentes fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

1

For the foregoing reasons, Ochoa-Fuentes' motion (D.E. 99) is DENIED.

It is so ORDERED this 30th day of September 2005.

_____
Janis Graham Jack
United States District Judge